UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

COUNCIL FOR RESPONSIBLE
NUTRITION and
ANNETTE DICKINSON,

        Plaintiffs,

     v.

HARTFORD CASUALTY INSURANCE
COMPANY,

        Defendant.

Case No.: 1:06-CV-01590-RMC

## ANSWER

Defendant Hartford Casualty Insurance Company ("Defendant" or "Hartford"), by counsel, states as follows for its Answer to the Complaint filed by Plaintiffs Council for Responsible Nutrition and Annette Dickinson ("Plaintiffs"). In response to each numbered paragraph of the Complaint, Hartford states as follows:

I.     **INTRODUCTION**

1.     Hartford denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint, except admits that the Complaint purports to assert claims for declaratory relief and monetary damages, and denies those allegations, and respectfully refers the Court to the Complaint for its contents.

II.     **PARTIES**

2.     Hartford denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint, and on that basis denies the same.

3.      Hartford admits that Dickinson was a citizen and resident of Mount Airy, Maryland.  Hartford denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in Paragraph 3 of the Complaint.

4.      Hartford admits the allegations in Paragraph 4 of the Complaint.

### III.      JURISDICTION AND VENUE

5.      Hartford admits the allegations in Paragraph 5 of the Complaint.

6.      Hartford admits the allegations in Paragraph 6 of the Complaint.

### IV.      FACTUAL BACKGROUND

**A.      The Hartford Policy**

7.      Hartford denies the allegations in Paragraph 7 of the Complaint, except that it admits that it issued a commercial business insurance policy to Council for Responsible Nutrition numbered 42 SBA FT4964, which covered the policy period April 1, 2004, to April 1, 2005, and is subject to all of its terms and conditions ("Hartford Policy").

8.      Hartford admits that pursuant to Section C of the Business Liability Insurance Coverage Form contained within the Hartford Policy, Council for Responsible Nutrition is an insured under that coverage of the Hartford Policy.

9.      Hartford admits that pursuant to Section C of the Business Liability Insurance Coverage Form contained within the Hartford Policy, Dickinson is an insured under that coverage of the Hartford Policy.

10.      Hartford denies that the allegations contained in Paragraph 10 of the Complaint constitute the entirety of the pertinent parts of the Insuring Agreement of the Hartford Policy, and respectfully refers the Court to all of the terms and conditions of the Hartford Policy for its terms.

11.     Hartford admits that the allegation in Paragraph 11 of the Complaint constitutes a part of the definition of "personal and advertising injury," and respectfully refers the Court to the Hartford Policy for its terms, including a complete definition of such injury.

12.     Hartford denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint, denies that any alleged "representation" beyond the terms and conditions of the Hartford Policy is relevant to construction of that policy, and respectfully refers the Court to the Hartford Policy for its terms.

B.      **The ConsumerLab Lawsuit**

13.     Hartford admits the allegations in Paragraph 13 of the Complaint.

14.     Hartford avers that the complaint filed by ConsumerLab.com LLC ("ConsumerLab") in ConsumerLab.com, LLC v. Council for Responsible Nutrition, et al., Index No. 05-04998, in the Supreme Court of New York, County of Westchester (the "Underlying Action") contains a number of causes of action, including defamation (the "Underlying Claims"), and respectfully refers the Court to ConsumerLab's complaint in the Underlying Action. All other allegations in Paragraph 14 of the Complaint are denied.

15.     Hartford avers that ConsumerLab's complaint alleges in part that the "defamatory statements were made by Defendants with knowledge of the falsity of such statements or with reckless disregard of whether or not such statements were false," and it does not appear to rest a cause of action on negligence or to rely upon or allege negligent conduct on the part of Plaintiffs. Hartford respectfully refers the Court to ConsumerLab's complaint in the Underlying Action. Hartford further avers that whether Exclusion 1.a.(2) of the Hartford Policy's Business Liability Coverage applies depends on, among other things, whether "personal and advertising injury" is alleged to arise out of an offense committed by, at the direction of or with the consent or

acquiescence of the insured with the expectation of inflicting "personal and advertising injury." All other allegations in Paragraph 15 of the Complaint are denied.

16.    Hartford admits the allegations in Paragraph 16 of the Complaint do appear in the complaint filed by ConsumerLab in the Underlying Action, and respectfully refers the Court to that complaint.

17.    Hartford admits that Plaintiffs filed a motion to dismiss the complaint in the Underlying Action. All other allegations in Paragraph 17 of the Complaint are denied.

18.    The allegations in Paragraph 18 of the Complaint contain conclusions of law to which no response is required. To the extent a response is nonetheless deemed required, Hartford asserts that whether or not the Underlying Claims sufficiently state a claim for slander, libel or disparagement does not alter the fact that any such "personal and advertising injury" is alleged to arise out of an offense committed by, at the direction of or with the consent or acquiescence of the insured with the expectation of inflicting "personal and advertising injury."

19.    Hartford admits the allegations in Paragraph 19 of the Complaint and avers that the offenses of slander, libel and disparagement are defined by their common law elements in applicable jurisdictions.

20.    Hartford denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint, but avers that the offense of slander is defined by its common law elements in applicable jurisdictions.

21.    Hartford denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint, but avers that the offense of libel is defined by its common law elements in applicable jurisdictions.

22.    Hartford denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint, but avers that the offense of disparagement of goods, products or services is defined by its common law elements in applicable jurisdictions.

23.    Hartford admits the allegations in Paragraph 23 of the Complaint.

24.    Hartford admits the allegations in Paragraph 24 of the Complaint, and respectfully refers the Court to the Order issued by the Honorable Kenneth W. Rudolph of the Supreme Court of the State of New York on May 16, 2006.

25.    The allegations in Paragraph 25 of the Complaint contain a conclusion of law to which no response is required. To the extent a response is nonetheless deemed required, Hartford denies those allegations except that Hartford responds that "actual malice" as an element of actionable defamation under First Amendment principles or with regard to a publication subject to a qualified privilege is defined by applicable law. Hartford further avers that whether or not the Underlying Claims sufficiently state a claim for slander, libel or disparagement does not alter the fact that any such "personal and advertising injury" is alleged to arise out of an offense committed by, at the direction of or with the consent or acquiescence of the insured with the expectation of inflicting "personal and advertising injury."

26.    The allegations in Paragraph 26 of the Complaint contain conclusions of law, to which no response is required. To the extent a response is nonetheless deemed required, Hartford denies those allegations, except that Hartford responds that the Underlying Claims allege that any "personal and advertising injury" arises out of an offense committed by, at the direction of or with the consent or acquiescence of the insured with the expectation of inflicting

"personal and advertising injury," and is therefore excluded from coverage under the Hartford Policy.

27.     The allegations in Paragraph 27 of the Complaint contain conclusions of law, to which no response is required.  To the extent a response is nonetheless deemed required, Hartford denies those allegations, except that Hartford responds that the Underlying Claims allege that any "personal and advertising injury" arises out of an offense committed by, at the direction of or with the consent or acquiescence of the insured with the expectation of inflicting "personal and advertising injury," and is therefore excluded from coverage under the Hartford Policy.

28.     The allegations in Paragraph 28 of the Complaint contain conclusions of law, to which no response is required.   To the extent a response is nonetheless deemed required, Hartford denies those allegations, except that Hartford responds that the Underlying Claims allege that any "personal and advertising injury" arises out of an offense committed by, at the direction of or with the consent or acquiescence of the insured with the expectation of inflicting "personal and advertising injury," and is therefore excluded from coverage under the Hartford Policy.

29.     The allegations in Paragraph 29 of the Complaint contain conclusions of law, to which no response is required.  To the extent a response is nonetheless deemed required, Hartford denies those allegations, except that Hartford responds that the Underlying Claims allege that any "personal and advertising injury" arises out of an offense committed by, at the direction of or with the consent or acquiescence of the insured with the expectation of inflicting "personal and advertising injury," and is therefore excluded from coverage under the Hartford

Policy. Further, Hartford denies that the Underlying Claims rely upon allegations of negligent conduct.

## C.      The Hartford's Disclaimer

30.      Hartford avers that in April of 2005, notice of ConsumerLab's Complaint against Plaintiffs in the Underlying Action and a copy of the ConsumerLab Complaint were forwarded to Hartford. All other allegations in Paragraph 30 of the Complaint are denied.

31.      Hartford admits that in a detailed letter, dated April 29, 2005, it advised Plaintiffs that "Hartford will not provide a defense to" the Underlying Action and that Hartford will not "pay any damages defendants become liable to pay or to contribute to any settlement of" the Underlying Action. All other allegations in Paragraph 31 of the Complaint are denied.

32.      Hartford denies the allegation in Paragraph 32 of the Complaint. Specifically, Hartford denies that the sole basis of Hartford's disclaimer and denial of coverage was "Exclusion 2(a) of the Hartford Policy." Hartford avers that Exclusion 1.a.(2) of the Business Liability Coverage of the Hartford Policy, which Hartford admits is quoted in Paragraph 32 of the Complaint, precludes coverage of the Underlying Claims.

33.      Hartford admits that it stated that "it cannot reasonably be asserted that the claims being made are not within the scope of exclusion a(2)." All other allegations in Paragraph 33 of the Complaint are denied.

34.      Hartford denies the allegation in Paragraph 34 of the Complaint.

35.      Hartford denies the allegation in Paragraph 35 of the Complaint.

36.      Hartford avers that Plaintiffs have requested that Hartford reconsider its decision to deny coverage. All other allegations in Paragraph 36 are denied.

37.    Hartford admits that on June 16, 2005, counsel for Plaintiffs relayed their legal position to Hartford.  All other allegations in Paragraph 37 are denied.

38.    Hartford admits the allegation in Paragraph 38 of the Complaint.

39.    Hartford admits that on January 24, 2006, counsel for Plaintiffs sent a letter to Hartford requesting that it reconsider its decision to deny coverage of the Underlying Claims. All other allegations in Paragraph 39 are denied.

40.    Hartford admits that because the Hartford Policy does not cover the Underlying Claims, Hartford denied coverage to Plaintiffs.  All other allegations in Paragraph 40 are denied.

## FIRST CAUSE OF ACTION
### (Declaratory Judgment)

41.    Repeats and realleges each and every response to Paragraphs 1 through 40 of the Complaint, as if fully set forth herein.

42.    Hartford denies the allegations in Paragraph 42 of the Complaint.

43.    Hartford denies the allegations in Paragraph 43 of the Complaint.

44.    Hartford admits that an actual controversy exists between the Plaintiffs and Hartford.  All other allegations in Paragraph 44 of the Complaint are denied.

45.    Hartford denies any allegation contained in the "Wherefore" clause following Paragraph 44 of the Complaint and that Plaintiffs are entitled to the relief they seek.

## SECOND CAUSE OF ACTION
### (Breach of Contract)

46.    Repeats and realleges each and every response to Paragraphs 1 through 44 of the Complaint, as if fully set forth herein.

47.     For its response to Paragraph 46 of the Complaint, Hartford admits that it entered into an insurance contract, the Hartford Policy, with Plaintiffs.  All other allegations in Paragraph 46 of the Complaint are denied.

48.     Hartford denies knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 47 of the Complaint, and on that basis denies the same.

49.     For its response to Paragraph 48 of the Complaint, Hartford avers that Plaintiffs have relayed their legal opinion to it.  All other allegations in Paragraph 48 are denied.

50.     Hartford denies the allegations in Paragraph 49 of the Complaint.

51.     Hartford denies the allegations in Paragraph 50 of the Complaint.

52.     Hartford denies any allegation contained in the "Wherefore" clause following Paragraph 50 of the Complaint and that Plaintiffs are entitled to the relief they seek.

## THIRD CAUSE OF ACTION
### (Breach of the Duty of Good Faith and Fair Dealing)

53.     Repeats and realleges each and every response to Paragraphs 1 through 50 of the Complaint, as if fully set forth herein.

54.     The allegations of Paragraph 52 of the Complaint contain conclusions of law, to which no response is required.  To the extent a response is nonetheless deemed required, Hartford responds that the implied duty of good faith and fair dealing is defined by applicable law.

55.     Hartford denies the allegations in Paragraph 53 of the Complaint.

56.     Hartford denies the allegations in Paragraph 54 of the Complaint.

57.     Hartford denies the allegations in Paragraph 55 of the Complaint.

58.     Hartford denies the allegations in Paragraph 56 of the Complaint.

59.     Hartford denies any allegation contained in the "Wherefore" clause following Paragraph 56 of the Complaint and that Plaintiffs are entitled to the relief they seek.

60.     All allegations not expressly admitted herein are denied.

### First Affirmative Defense

61.     The Complaint fails, in whole or in part, to state a claim against Hartford upon which relief may be granted.

### Second Affirmative Defense

62.     Coverage for all of the Underlying Claims is barred, in whole or in part, by the terms, conditions, exclusions and limitations contained in the Hartford Policy.

### Third Affirmative Defense

63.     Coverage is not available under the Hartford Policy for the injury or offenses alleged in the Underlying Claims on the ground that any injury is alleged to arise out of an offense committed by, at the direction of or with the consent or acquiescence of the insured with the expectation of inflicting "personal and advertising injury" as defined in the Hartford Policy.

### Fourth Affirmative Defense

64.     To the extent that Plaintiffs failed to mitigate, minimize, or avoid any losses they allegedly have sustained, any recovery against Hartford must be reduced by that amount.

### Fifth Affirmative Defense

65.     Coverage is not available under the Hartford Policy to the extent that Plaintiffs failed to transmit timely, pertinent, material information regarding the Underlying Claims pursuant to the conditions in the Hartford Policy.

## Sixth Affirmative Defense

66.     Coverage is not available under the Hartford Policy to the extent that Plaintiffs

failed to give timely notice of any alleged "offense," "occurrence," "claim," "suit," or "loss"

forming the basis of any of the Underlying Claims.

## Seventh Affirmative Defense

67.     Coverage is not available under the Hartford Policy to the extent that Plaintiffs

have failed to comply with the terms and conditions of the Hartford Policy.

## Eighth Affirmative Defense

68.     Hartford's obligations to Plaintiffs, if any, with respect to the Underlying Claims

is subject to any deductible, self-insured retention, limits of insurance, aggregate limits,

retrospective premium agreements and/or other applicable limits of liability contained in the

Hartford Policy.

## Ninth Affirmative Defense

69.     Coverage is not available under the Hartford Policy to the extent that damages for

which Plaintiffs are seeking coverage are based upon an offense causing "personal and

advertising injury" that did not occur during the policy period of the Hartford Policy.

## Tenth Affirmative Defense

70.     The Hartford Policy affords coverage only to an "Insured," as that term is defined

in the Hartford Policy.  Coverage is not available under the Hartford Policy to the extent that any

person or entity to which the Complaint refers is not an Insured.

## Eleventh Affirmative Defense

71.     The Hartford Policy does not provide coverage for equitable relief and/or claims

founded on equitable remedies.  Any claims against Hartford are barred, in whole or in part, to

the extent that they are based upon claims for equitable relief and/or founded on equitable remedies.

## Twelfth Affirmative Defense

72. Coverage is not available under the Hartford Policy, in whole or in part, to the extent that the underlying claimants' injuries do not constitute "personal and advertising injury" as that term is defined in the Hartford Policy.

## Thirteenth Affirmative Defense

73.    Coverage is not available under the Hartford Policy to the extent that Plaintiffs' actions, or failure to act, which gave rise to the events that form the basis of the Underlying Claims, were in violation of law and/or public policy.

## Fourteenth Affirmative Defense

74.    Coverage under the Hartford Policy, if any, is limited as described in the "Other Insurance" clauses of the Hartford Policy.

## Fifteenth Affirmative Defense

75.    The Hartford Policy does not provide coverage for punitive damages, and indemnification of such punitive damages may be against public policy and settled law.

## Sixteenth Affirmative Defense

76.    Coverage is not available under the Hartford Policy to the extent that the offense, event, act, occurrence, loss or claim giving rise to Plaintiffs' claims was in progress, was known to Plaintiffs, or was not contingent at or before the issuance of the Hartford Policy.

### Seventeenth Affirmative Defense

77.     To the extent that Plaintiffs concealed, misrepresented, or failed to disclose facts which were material to the risks undertaken by Hartford, Plaintiffs are barred from obtaining coverage under the Hartford Policy.

### Eighteenth Affirmative Defense

78.     Coverage is not available under the Hartford Policy to the extent that Plaintiffs breached their duties of cooperation under the Hartford Policy.

### Nineteenth Affirmative Defense

79.     To the extent that entities not named herein as parties have issued insurance policies to Plaintiffs, however denominated, that may be found to apply to the Underlying Claims to which the Complaint refers, Plaintiffs have failed to join all necessary and indispensable parties.

### Twentieth Affirmative Defense

80.     In the event that Hartford is found responsible for some portion of the Underlying Claims at issue herein, all costs, expenses, and the amount of any judgment or settlement should be apportioned among all other insurance available to Plaintiffs, if any.

### Twenty-First Affirmative Defense

81.     In the event that a judgment should be entered against Hartford, Hartford is entitled to a reduction of the judgment to the extent of any collateral source payment.

### Twenty-Second Affirmative Defense

82.     Coverage is not available to the Plaintiffs to the extent that Plaintiffs have failed to perform all of their obligations under the Hartford Policy.

### Twenty-Third Affirmative Defense

83.    Some or all of Plaintiffs' claims against Hartford may be barred by the applicable statute of limitations and/or the doctrines of laches, waiver and estoppel.

### Twenty-Fourth Affirmative Defense

84.    Some or all of Plaintiffs' claims against Hartford may be non-justiciable and/or otherwise not ripe for adjudication.

### Twenty-Fifth Affirmative Defense

85.    In the absence of a finding of breach of contract, there is no action for breach of the duty of good faith and fair dealing under applicable law.

### Twenty-Sixth Affirmative Defense

86.    Recovery of economic, consequential or punitive damages for breach of the duty of good faith and fair dealing is or may be limited or foreclosed by applicable law.

### Twenty-Seventh Affirmative Defense

87.    Any claim for punitive or exemplary damages against Hartford is subject to Hartford's rights to due process, procedurally and substantively, as guaranteed by the Fourteenth Amendment of the Constitution of the United States.

### Twenty-Eighth Affirmative Defense

88.    Hartford reserves the right to assert all defenses that may be pertinent to the Complaint once the precise nature of the claims is ascertained through discovery and investigation.


WHEREFORE, having fully responded to the Complaint, Hartford respectfully requests that the Complaint be dismissed, that the Court enter judgment in favor of Hartford, that Hartford

be awarded its costs and attorneys' fees, and that the Court grant such other and further relief as

it may deem just.

## DEMAND FOR JURY TRIAL

Hartford respectfully demands a trial by jury of any and all issues triable of right by a

jury in the above-captioned action.

Dated: November 27, 2006

> Respectfully submitted,
>
>
> ___/s/ Tracy P. Varghese_____
> Patrick F. Hofer, Bar No. 412665
> Tracy P. Varghese, Bar No. 472805
> TROUTMAN SANDERS LLP
> 401 9th Street, N.W., Suite 1000
> Washington, D.C. 20004
> (202) 274-2950 (tel.)
> *Counsel for Hartford Casualty Insurance Co.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of November 2006, I caused a copy of Defendant's Answer to be served upon all counsel of record via ECF and electronic mail as set forth below:

Janet K. Coleman
WHITNEY & BOGRIS, LLP
401 Washington Avenue
Towson, Maryland 21204
(410) 583-8000 (tel.)

/s/ Tracy P. Varghese
Tracy P. Varghese