UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COUNCIL FOR RESPONSIBLE NUTRITION and ANNETTE DICKINSON,<br><br>          Plaintiffs,<br><br>     v.<br><br>HARTFORD CASUALTY INSURANCE COMPANY,<br><br>          Defendant. | Case No.: 1:06-CV-01590-RMC |

### INITIAL REPORT OF PLAINTIFFS AND DEFENDANT

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and LCvR 16.3 of the Local Rules, Plaintiffs Council for Responsible Nutrition ("CRN") and Annette Dickinson ("Plaintiffs") and Defendant Hartford Casualty Insurance Company ("Hartford" or "Defendant"), by undersigned counsel, submit the following report.

The initial meeting between Plaintiffs and Defendant, pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and LCvR 16.3 of the Local Rules, was held December 14, 2006. The following constitutes the agreements of the parties and their proposal to the Court for an Initial Scheduling Order.

**I.   Statement of the Case and Statutory Basis for All Causes of Action and Defenses**

Plaintiffs have filed this action against Hartford seeking a declaratory judgment as well as damages incurred as a result of Hartford's alleged breach of contract and breach of the duty of good faith and fair dealing. In particular, Plaintiffs allege that Hartford has breached its duty to defend and indemnify them in connection with the action filed by ConsumberLab.com

("ConsumerLab") in the Supreme Court of the State of New York, styled, *ConsumerLab.Com, LLC v. The Council for Responsible Nutrition*, Index No. 4998/05 ("Underlying Action")[1]. In the Underlying Action, ConsumerLab alleged that CRN and/or Dickinson made statements that were published orally, in writing and/or electronically that slandered or libeled ConsumerLab and thereby disparaged ConsumerLab's services.

During the relevant time period, CRN and Dickinson were insured under a commercial business liability policy issued to CRN by Hartford, policy number 42 SBA FT4964, in effect for the policy period April 1, 2004 through April 1, 2005. CRN and Dickinson allege that this policy expressly provides coverage for the allegations contained in the Underlying Action and accordingly seek a judgment to that effect as well as reimbursement for costs expended in the defense and settlement of the Underlying Action.

On November 27, 2006, Hartford filed an answer and raised a number of defenses. Hartford avers that it does not have a duty to defend because Exclusion 1.a.(2) of the Business Liability Coverage of the Hartford policy precludes coverage of the claims in the Underlying Action because any "personal and advertising injury" is alleged to arise out of an offense committed by, at the direction of or with the consent or acquiescence of the insured with the expectation of inflicting "personal and advertising injury."

The causes of action and defenses in this case are primarily based on contract law and common law. Plaintiffs' first cause of action for declaratory judgment is based on 28 U.S.C. § 2201. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332 because there is

---

[1] CRN, Dickinson and ConsumerLab recently entered into a settlement agreement and dismissal of the Underlying Action.

complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

## II.     Dispositive Motions

The parties agree that the issue of whether Hartford has a duty to defend the Underlying Action can be resolved as a matter of law based on facts that are not in dispute.  Furthermore, the parties acknowledge that if the Court rules that Hartford has no duty to defend, Plaintiffs' remaining claims (for contract damages and for breach of the duty of good faith and fair dealing) would necessarily fail, and the case at that point should be dismissed.  Accordingly, an early dispositive motion could resolve the entire case.

If, however, the Court were to rule that Hartford had a duty to defend, the remaining issues could then be the subject of appropriate discovery and/or further dispositive motion.  If any factual issues remained, the parties would proceed to trial.

The parties believe, therefore, that the issues in the case are appropriate for phased case management, under which, in the first phase, the parties would cross-move for summary judgment on the duty to defend.  The parties believe that discovery beyond initial disclosures is not necessary prior to submitting cross-motions for summary judgment.  The parties propose that they exchange initial disclosures 45 days following the entry of the Court's initial scheduling order.   The parties are not able to agree at this time on the scope of initial disclosures and seek the Court's assistance in determining this disputed matter.

If the Court holds Hartford has no duty to defend, and grants Hartford's Motion for Summary Judgment, the matter would be concluded subject to the outcome of any appeal.  If the Court holds that Hartford has a duty to defend, the parties propose to meet and confer regarding a second phase discovery plan, under which the parties will propose deadlines for initial

disclosures, written discovery, depositions, and any expert disclosures, and regarding a proposed second phase dispositive motion schedule.

With respect to a schedule for filing motions for summary judgment, the parties propose that they file and serve cross-motions for summary judgment within forty-five (45) days of service of initial disclosures. Each party will then have 30 days from that date to file and serve an opposition to the other's cross-motion, and 15 days thereafter to file and serve a reply. The parties propose that the Court hear oral argument as its calendar permits and issue its opinion at any time thereafter.

### III. Joinder of Parties and Amendments to Pleadings and Agreement on Factual/Legal Issues

The parties agree that all motions to join additional parties or to amend the pleadings shall be filed within fourteen (14) days after the issuance of the Court's ruling on the first phase Motions for Summary Judgment. The parties agree that the issues for decision in the proposed first phase of the case do not present any material factual disputes and that they primarily concern issues of law.

### IV. Magistrate Judge

The parties do not believe this case should be assigned to a magistrate judge.

### V. Possibility of Settlement

The parties discussed the possibility of settlement and remain open to that possibility.

### VI. ADR

The parties do not believe that this case is appropriate for ADR.

### VII. Initial Disclosures

The parties have agreed to exchange initial disclosures, in accordance with the schedule described in Section II, above

**VIII.  Discovery Plan**

As indicated above, the threshold issue in this case is a question of law concerning contract interpretation, and there are no material factual disputes regarding that issue. Consequently, in the interest of judicial economy and potentially to bring the case to an early end, the parties propose that discovery and dispositive motions be managed in two phases. The parties agree that discovery beyond initial disclosures is not necessary, as discussed above. If the Court rules that Hartford has no duty to defend, the matter will conclude, subject to the outcome of any appeal.

In the second phase, if any, the parties will hold another meeting pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and LCvR 16.3 of the Local Rules, in which they will discuss and propose a discovery plan, including the exchange of documents, depositions, and identification of experts, if needed. At the conclusion of discovery, if factual issues remain, the parties will go to trial. Alternatively, if only issues of law remain, the parties will then file motions for summary judgment.

**IX.  Experts**

The parties propose that issues regarding expert disclosure should be deferred until the second phase of this case, as outlined above. Specifically, the parties suggest that the issue of experts be addressed at a second Rule 26(f)/LCvR 16.3 meeting between the parties, if necessary.

**X.      Pretrial Conference and Trial**

The parties propose that no dates be set at this time for a pretrial conference or for trial; rather, the parties propose that, should this case proceed to a second phase, they meet and confer to propose a pretrial conference date and trial date as part of the phase 2 scheduling order.

Dated: December 28, 2006

                                                               Respectfully submitted,

/s/ _____
Patrick F. Hofer, Bar No. 412665
Tracy P. Varghese, Bar No. 472805
TROUTMAN SANDERS LLP
401 9th Street, N.W., Suite 1000
Washington, D.C. 20004
(202) 274-2950 (tel.)
*Counsel for Defendant Hartford Casualty Insurance Co.*

/s/ _____
Janet K. Coleman, Bar No. 497902
WHITNEY & BOGRIS, LLP
401 Washington Avenue
Towson, Maryland 21204
(410) 583-8000 (tel.)
*Counsel for Plaintiffs Council for Responsible Nutrition and Annette Dickinson*