UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COUNCIL FOR RESPONSIBLE NUTRITION and ANNETTE DICKINSON,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>HARTFORD CASUALTY INSURANCE COMPANY,<br><br>　　　　Defendant. | Civil Action No. 06-1590 (RMC) |

### [CORRECTED AND AMENDED] SCHEDULING ORDER

Upon consideration of the joint report of the parties submitted pursuant to LCvR 16.3(d), and after a scheduling conference held in open Court on January 4, 2007, it is hereby **ORDERED** that:

1. This Scheduling Order governs the first phase of this case. In the first phase, the parties shall cross-move for summary judgment on the issue of the duty to defend. No discovery or initial disclosures are required for the first phase of this case.

2. Dispositive motions shall be filed no later than February 23, 2007; oppositions shall be filed no later than March 26, 2007 and replies shall be filed no later than April 10, 2007. A motion for extension of time to file a motion, opposition, or reply will be denied except upon a showing of good cause. The page limitations for briefs referenced in LCvR 7(e) are to be strictly followed by the parties.

3. After the Court rules on the first phase dispositive motions, if any issues remain to be resolved, the parties shall file a joint proposed scheduling order within fourteen days after the filing of

the Court's order. Motions to join third parties or to amend the pleadings also shall be filed within fourteen days after the filing of the Court's order.

4. Discovery material shall not be filed with the Court unless so ordered. *See* LCvR 5.2(a).

5. Counsel are expected to conduct themselves in a civil, polite, and professional manner at all times, particularly during discovery. Counsel are referred to LCvR 26.2 and expected to conform fully with its directives. Moreover, counsel are required, under both Fed. R. Civ. P. 26(f) and LCvR 7.1(m), to confer in good faith in an effort to resolve any discovery dispute before bringing it to the Court's attention. In the event that counsel are unable to resolve a dispute, counsel shall contact chambers to arrange for a telephone conference with the Court. Counsel shall not file discovery motions without a prior telephone conference with the Court and opposing counsel.

6. Counsel are expected to evaluate their respective cases for settlement purposes. Submission to alternative dispute resolution, *e.g.,* mediation or neutral evaluation, is encouraged and available by request of the Court at any time, as is a settlement conference before a Magistrate Judge. If the case settles, in whole or in part, Plaintiff's counsel shall advise this Court by promptly filing a stipulation.

7. This schedule shall not be modified, even where all parties consent, except upon a showing of good cause and by leave of the Court. *See* Fed. R. Civ. P. 16(b); LCvR 16.4(b).

**SO ORDERED.**

Date: January __, 2007

_____
ROSEMARY M. COLLYER
United States District Judge