IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COUNCIL FOR RESPONSIBLE NUTRITION, and ANNETTE DICKINSON </br></br> Plaintiffs, </br></br> v. </br></br> HARTFORD CASUALTY INSURANCE COMPANY </br></br> Defendant. | Civil Action No.: 06-1590 (RCM) |

## PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiffs Council for Responsible Nutrition ("CRN") and Annette Dickinson, Ph.D. ("Dr. Dickinson"), by and through their undersigned counsel, respectfully move for Partial Summary Judgment pursuant to Federal Rule of Civil Procedure 56 and seek an order declaring that defendant Hartford Casualty Insurance Company ("Hartford") was obligated to defend Plaintiffs in connection with the Underlying Action filed by ConsumerLab.com, LLC ("ConsumerLab") for the following reasons that are more fully set forth in the accompanying Statement of Material Facts and Memorandum of Points and Authorities:

1. There is no genuine dispute as to any material fact;

2. CRN and Dr. Dickinson are entitled to judgment as a matter of law;

3. This declaratory judgment action concerns the scope of coverage provided by a business liability insurance policy issued by Hartford. CRN and Dr. Dickinson seek a declaration that Hartford was obligated to defend them in connection with the Underlying Action

filed in the Supreme Court of the State of New York styled, *ConsumerLab.com, LLC v. The Council for Responsible Nutrition, et al.*, Index no. 05-04998.

4.  The Underlying Action sought damages in connection with allegedly defamatory statements made by CRN and Dr. Dickinson in connection with a "Request for Investigation" filed with the United States Federal Trade Commission ("FTC").

5.  The allegations of the complaint fall within the terms of the Hartford Policy's "personal and advertising injury" coverage grant, which, by definition, "publication of material that slanders or libels a person or organization."

6.  Hartford has wrongfully disclaimed its obligation to defend CRN and Dr. Dickinson based soley on exclusion 1.a.(2) of its policy, which preludes coverage for "Personal and advertising injury arising out of an offense committed by or at the direction of or with the consent or acquiescence of the insured with the expectation of inflicting 'personal and advertising injury.'"

7.  This exclusion is inapplicable because the Underlying Complaint clearly sets forth allegations of reckless and negligent conduct, which do not fall within the ambit of the policy exclusion.

8.  This exclusion is further inapplicable because it contradicts the express coverage provided for by the policy's coverage grant. This ambiguity must be construed against the Hartford and in favor of coverage for CRN and Dr. Dickinson.

9.  Additionally, although Hartford was obligated to defend CRN and Dr. Dickinson based upon the "eight-corners" rule currently applied by the District of Columbia, Hartford was in possession of information that further solidified its duty to defend CRN and Dr. Dickinson.

**WHEREFORE**, for the reasons set forth herein and as more fully discussed in the accompanying Memorandum of Points and Authorities, incorporated herein by reference, plaintiffs, Council for Responsible Nutrition and Annette Dickinson, respectfully more this Court to enter an Order granting judgment in their favor and against Hartford Casualty Insurance Company.

Respectfully submitted,

      /s Janet K. Coleman
Janet K. Coleman, Bar No. 497902
WHITNEY & BOGRIS, LLP
401 Washington Avenue
Towson, Maryland 21204
(410) 583-8000 (tel.)
*Counsel for Plaintiffs Council for Responsible Nutrition and Annette Dickinson*