COUNSEL FOR RESPONSIBLE NUTRITION and
ANNETTE DICKINSON

v.

HARTFORD CASUALTY INSURANCE COMPANY

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

# EXHIBIT G

Via Fax To: 202-778-5366

September 29, 2005

THE
HARTFORD

John Buchanan
Covington & Burling
1201 Pennsylvania Ave. N.W.
Washington, D.C. 20004

RE: Hartford file no. YCH KL 46461
    Insured: Council for Responsible Nutrition
    Claimant: ConsumerLab.Com

Dear Mr. Buchanan,

Thank you for providing me a copy of your June 16, 2005 letter which was received by me on September 2, 2005. I have considered the arguments you made in response to Hartford's denial of coverage, which was communicated to your client in my letter dated April 29, 2005. Your position is not well taken as it is apparent that you do not understand how the law of the District of Columbia applies to the question of whether an insurer has a duty to defend.

In I.J.G. et al v. Penn-America Insurance, the court referred to American Continental Insurance v. Pooya, 666 A.2d 1193. There, the District of Columbia Court of Appeals stated the Districts rule regarding the duty to defend. "This court must look to whether the allegations included in the complaint state a cause of action within the policies coverage, and whether the allegations raise the possibility of coverage. See Washington v. State Farm 629 A.2d 872." The court noted, "As a general principle the focus must always be on the allegations of the complaint. To be sure, the obligation to defend is not affected by facts ascertained before suit or developed in the process of litigation or by the ultimate outcome of the suit."

In John Stevens v. United General Title Insurance, 801 A.2d 61, the District of Columbia Court of Appeals held, "Our task is to determine whether United General has a duty to defend Mr. Stevens in the lawsuit brought by E. Street. To make this determination our long standing case law requires us to examine both the complaint and the insurance policy." The court, quoting from Travelers Ind. Co of Ill. v. United Food, 770 A.2d 978, stated that, S. Freedman & Sons Inc. v. Hartford Fire Insurance Company, 396 A.2d 195, held: "The duty to defend depends upon the facts as alleged to be, so that the insurers obligations should be measured by comparing the policy it issued with the complaint filed in the underlying case."

The flaw in your argument is that you attack the application of Exclusion 1.a.(2) by reference to facts that are extrinsic to the complaint, and under D.C. case law, consideration of such facts is irrelevant.

Hartford Plaza
Hartford, CT 06115
Telephone 860 547 5000

Hartford has not taken the position that the complaint exclusively alleges intentional infliction of injury, although the complaint is replete with such claims (See for instance paragraph 41). The question of whether the insured intended injury is not pertinent. We have asserted that the facts alleged clearly and unambiguously fall within the scope of the exclusion which states, "This insurance does not apply to Personal and advertising injury arising out of an offense committed by, at the direction of or with the consent or acquiescence of the insured with the expectation of inflicting "personal and advertising injury." It is the expectation of injury and not the intent to cause injury that matters.

A fair reading of the complaints allegations leads to but one reasonable conclusion. Plaintiff is alleging that the insured made defamatory statements with the "expectation" of causing injury. Please see my April 29, 2005 letter in which I have set out the specific factual allegations in the complaint which support this conclusion and our declination of coverage. Your focus on the distinction between actual malice and simple malice is similarly beside the point. It does not matter whether the conduct was malicious or reckless; the character of the conduct is inconsequential. The exclusion applies where the complaints allegations are that the insured's conduct, regardless of its nature, results in injury which is probable, substantially certain to result in harm or is the natural result of the conduct itself. The exclusion is not, as you say, an intentional torts exclusion, it is an expected injury exclusion.

Lastly, the first footnote in your letter regarding Hartford's choice of law analysis does require a response. In applying choice of law principles to determine the parties rights with respect to an insurance contract, contract choice of law rules are applied. Your footnote indicates that you have considered factors which are relevant only to the choice of law analysis in tort cases. For contracts, the rules of lex loci contractus, substantial contacts or governmental interests are applied. Under any standard, a forum court would find D.C. law to apply because the acts giving rise to the formation of the insurance contract are centered in D.C. New York, while clearly interested in the outcome of the tort case for the reasons you mention, has no nexus to the insurance contract.

Very Truly Yours,

Warren Freiman
Complex Case Manager