IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COUNCIL FOR RESPONSIBLE NUTRITION, and ANNETTE DICKINSON<br><br>Plaintiffs,<br><br>v.<br><br>HARTFORD CASUALTY INSURANCE COMPANY<br><br>Defendant. | Civil Action No.: 06-1590 (RMC) |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S**
**STATEMENT OF MATERIAL FACTS**

Pursuant to Local Rules of Civil Procedure 7(h) and 56.1, Plaintiffs Council for Responsible Nutrition ("CRN") and Annette Dickinson, Ph.D ("Dr. Dickinson"), hereby submit the following response to Hartford Casualty Insurance Company's ("Hartford") Statement of Material Facts as to Which There is no Genuine Issue.

**The Parties**

1. Admitted.

2. Admitted.

3. Admitted.

**The Underlying Suit**

4. Admitted.

5. Admitted, to the extent that paragraph 5 accurately and selectively quotes the allegations of ¶ 15 of the Underlying Complaint. Plaintiffs state that the allegations of the

Underlying Complaint speak for themselves and deny the allegations of paragraph 5 insofar as they may mischaracterize the nature of the Underlying Complaint.

6. Admitted, to the extent that paragraph 6 accurately and selectively quotes the allegations of ¶ 15 of the Underlying Complaint. Plaintiffs state that the allegations of the Underlying Complaint speak for themselves and deny the allegations of paragraph 6 insofar as they may mischaracterize the nature of the Underlying Complaint.

7. Admitted, to the extent that paragraph 7 accurately and selectively quotes the allegations of ¶ 15 of the Underlying Complaint. Plaintiffs state that the allegations of the Underlying Complaint speak for themselves and deny the allegations of paragraph 7 insofar as they may mischaracterize the nature of the Underlying Complaint.

8. Admitted, to the extent that paragraph 8 accurately and selectively quotes the allegations of ¶ 15 of the Underlying Complaint. Plaintiffs state that the allegations of the Underlying Complaint speak for themselves and deny the allegations of paragraph 8 insofar as they may mischaracterize the nature of the Underlying Complaint.

9. Admitted, the allegations of the Underlying Complaint speak for themselves.

10. Denied as a mischaracterization of the pleadings. Paragraph 16 of the Underlying Complaint alleges that CRN posted a copy of the Request for Investigation on its website and issued a separate press release on a public newswire. Paragraph 16 further alleges that "the press release *further* defamed [ConsumerLab] with *additional* defamatory statements. See Underlying Complaint attached to Plaintiffs Motion for Partial Summary Judgment as Exhibit A, ¶ 16.

11. Admitted, the allegations of the Underlying Complaint speak for themselves.

12. Admitted, the allegations of the Underlying Complaint speak for themselves.

13. CRN and Dr. Dickinson admit that ConsumerLab.com, LLC ("ConsumerLab") filed an eight-count complaint in the Supreme Court of New York, Westchester County seeking damages for: (1) defamation; (2) injurious falsehoods; (3) trade libel; (4) infliction of intentional harm; (5) unfair trade practices; (6) unfair competition; (7) tortious interference with existing contractual relationships; and (8) tortious interference with prospective contractual relationships. See Underlying Complaint attached to Plaintiffs' Motion for Partial Summary Judgment as Exhibit A.

14. Disputed. While the allegations of the Underlying Complaint speak for themselves, in addition to allegations of intentional conduct, ConsumerLab alleged that CRN and Dr. Dickinson made "defamatory statements . . . with knowledge of the falsity of such statements or with reckless disregard of whether or not such statements were false." (Id. at ¶ 14).

15. Disputed, while the allegations of the Underlying Complaint speak for themselves, the ConsumerLab Complaint also contained allegations of reckless and negligent conduct. In particular, the Underlying Complaint averred that CRN and/or Dr. Dickinson:

- made "defamatory statements . . . with knowledge of the falsity of such statements *or with reckless disregard of whether or not such statements were false*." (Id.) (emphasis added);

- "published their defamatory statements *without due consideration* for the standards of information gathering and dissemination ordinarily followed by responsible parties." (Id. at ¶¶31, 40) (emphasis added);

- "published their injurious falsehood in a *grossly irresponsible* manner." (Id. at ¶¶ 30, 39) (emphasis added);

- "published their defamatory statements with *actual malice*." (Id. at ¶¶ 29, 37, 49) (emphasis added).

16. Admitted.

17.     Admitted.  The count that remained was Count One, for defamation.  (See May 16, 2006 Order attached hereto as Exhibit A).  The allegations of this count, in pertinent part, are as follows:

> 27.     Defendants made and published statements that were defamatory to Plaintiff, and such defamatory statements are identified specifically above as the defamatory statements and were published be the Defendants within documents cited as Exhibits "A" through "C."
>
> 28.     Defendants defamatory statements are factually false.
>
> 29.     Defendants published their defamatory statements with ***actual malice.*** (emphasis added).
>
> 30.     Defendants published their defamatory statements in a ***grossly irresponsible manner.*** (emphasis added).
>
> 31.     Defendants published their defamatory statements without ***due consideration for the standards of information gathering and dissemination ordinarily followed by responsible parties.*** (emphasis added).

(See Underlying Complaint attached to Plaintiffs' Motion for Partial Summary Judgment as Exhibit A).

18.     Admitted. ConsumerLab agreed voluntarily to dismiss its lawsuit with prejudice, with no finding or admission of liability, and with no money to be paid by CRN or Dr. Dickinson.  (See Stipulation for Discontinuance and Releases executed by ConsumerLab, attached to Plaintiffs' Motion for Partial Summary Judgment as Exhibit C).

**The Hartford Policy**

19.     CRN and Dr. Dickinson admit that the terms and conditions of the Hartford Policy speak for themselves.

20. CRN and Dr. Dickinson admit the terms and conditions of the Hartford Policy speak for themselves.

21. CRN and Dr. Dickinson admit the terms and conditions of the Hartford Policy speak for themselves.

22. CRN and Dr. Dickinson admit the terms and conditions of the Hartford Policy speak for themselves.

23. CRN and Dr. Dickinson admit the terms and conditions of the Hartford Policy speak for themselves.

**The Coverage Dispute**

24. Admitted.

25. Admitted. By letter dated April 29, 2005 Hartford, while acknowledging that the terms of the basic coverage grant were met, disclaimed any obligation to defend or indemnify CRN in connection with the Underlying Action based solely on Exclusion 1.a.(2) of the Policy, which provides:

> This insurance does not apply to Personal and advertising injury arising out of an offense committed by or at the direction of or with the consent or acquiescence of the insured with the expectation of inflicting "personal and advertising injury."

(See April 29, 2005 letter from Hartford attached to Plaintiffs' Motion for Summary Judgment as Exhibit E.)

26. Admitted. Specifically, CRN and Dr. Dickinson's coverage counsel responded to Hartford's denial of coverage on June 16, 2005 and advised that, because the Underlying Action contained allegations of negligent, reckless and intentional conduct, the exclusion cited by Hartford did not extinguish its duty to defend. (See June 16, 2005 letter from Covington & Burling attached to Plaintiffs' Motion for Partial Summary Judgment as Exhibit F). Hartford

responded to this letter by again disclaiming any obligation under the Policy. (See September 29, 2005 letter from Hartford attached to Plaintiffs' Motion for Partial Summary Judgment as Exhibit G). In a further attempt to convince Hartford to reconsider its refusal to defend, coverage counsel for CRN and Dr. Dickinson wrote another letter to Hartford dated January 24, 2006. (See January 24, 2006 letter attached to Plaintiffs' Motion for Partial Summary Judgment as Exhibit H). That letter drew Hartford's attention to the Memorandum of Law filed in support of CRN and Dr. Dickinson's motion to dismiss the Underlying Action, which had been previously provided to Hartford. (See Exhibit H at p. 7 and Memorandum of Law attached to Plaintiffs' Motion for Partial Summary Judgment as Exhibit I). As noted in the January 24, 2006 letter, this Memorandum set forth additional facts that confirmed that the CRN and Dr. Dickinson did not harbor any expectation of committing the tort of libel or slander against ConsumerLab. (Id.) The January 24, 206 letter and the Memorandum advised Hartford of the following facts:

- The insureds had objectively documented reasons to believe that their statements were either true or a legitimate expression of opinion (See Exhibit H at p.7);

- The insureds' statements were made in the context of a quasi-judicial proceeding in which CRN petitioned the FTC to investigate ConsumerLab's practices and take appropriate action and were thus privileged (Id.); and

- The insureds' purpose in petitioning the FTC was to protect the public from deceptive practices (Id.).

Hartford contended that it need not consider any evidence extrinsic to the "eight corners" of the Underlying Complaint and the Hartford Policy, and it continued to deny any duty to defend (See Exhibit G at p.1).

    27.    Admitted.

Plaintiffs CRN and Dr. Dickinson further refer the Court to the Statement of Material Facts submitted on February 23, 2007 in support of their Motion for Partial Summary Judgment and incorporate the allegations contained therein by reference.

Respectfully submitted,

_____/s Janet K. Coleman_____
Janet K. Coleman, Bar No. 497902
WHITNEY & BOGRIS, LLP
401 Washington Avenue
Towson, Maryland 21204
(410) 583-8000 (tel.)
*Counsel for Plaintiffs Council for Responsible Nutrition and Annette Dickinson*