UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

COUNCIL FOR RESPONSIBLE
NUTRITION and
ANNETTE DICKINSON,

      Plaintiffs,

      v.

HARTFORD CASUALTY INSURANCE
COMPANY,

      Defendant.

Case No.: 1:06-CV-01590-RMC

## MOTION FOR ENTRY OF SCHEDULING ORDER
## AND REQUEST FOR SCHEDULING CONFERENCE

      Defendant Hartford Casualty Insurance Company ("Hartford"), by counsel, respectfully moves for the entry of a Scheduling Order as set out in the Proposed Scheduling Order submitted herewith as Exhibit 1. Hartford further requests a scheduling conference with the Court. In support of its motion, Hartford states as follows:

1.     Pursuant to the Court's initial Scheduling Order (Dkt. 11, as amended per minute entry of January 11, 2007), the parties were to submit a joint proposed scheduling order within 14 days of the Court's order on the parties' cross-motions for summary judgment on the duty to defend.

2.     The Court entered its order on those cross-motions on July 12, 2007. Accordingly, the parties' joint proposed scheduling order is due to be filed today, July 26, 2007.

3.     Counsel for Hartford submitted a draft proposed scheduling order to counsel for Plaintiffs on July 24, 2007. Counsel for the Plaintiffs provided a revised proposal on July 26, 2007, and

the parties met and conferred by telephone. Despite efforts at compromise, the parties were unable to reach agreement on a joint submission to the Court.

4. Hartford seeks a schedule for discovery and motions that advances the conclusion of this litigation while reasonably permitting the parties to obtain necessary discovery. Hartford proposes that initial disclosures be exchanged by September 7, 2007. On the assumption that the parties exchange paper discovery returnable by mid-October to early November, Hartford proposes that non-expert depositions be conducted from mid-November through January 2008, with all non-expert discovery (including depositions) to be concluded by February 4, 2008.

5. Hartford proposes a period of expert discovery thereafter, with expert disclosures due March 7, 2008, rebuttal expert disclosures due April 4, 2008, and expert depositions concluded by May 5, 2008.

6. Hartford proposes that any additional dispositive motions be filed approximately one month after the close of discovery, or by June 6, 2008. Hartford proposes that opposition briefs be filed by July 7, 2008, and reply briefs be filed by July 21, 2008.

7. Leaving sufficient time for the Court to hear and decide dispositive motions and for the parties to prepare for trial thereafter, Hartford proposes a pretrial conference of November 11, 2008, and a trial date of December 1, 2008.

8. Plaintiffs have proposed a schedule under which all non-expert discovery would conclude by November 4, 2007. Hartford objects to this proposal because any written discovery sought following exchange of initial disclosures would not be returnable until mid-October, at the earliest, leaving approximately two weeks in the discovery period to conduct depositions. Two weeks is insufficient time for review of documents, identification of deponents, noticing depositions and scheduling depositions at times reasonably convenient to witnesses. Plaintiffs

further propose production of expert disclosures by November 19, 2007, or within two weeks of the close of the non-expert discovery period, which is insufficient time to identify an expert and to provide him or her with appropriate discovery materials for review and analysis, and insufficient time for the expert to prepare an expert report.

9. Hartford further objects to Plaintiffs' scheduling proposal in that it provides no time between the close of expert discovery (proposed by Plaintiffs to be January 31, 2008) and the deadline for filing of dispositive motions (proposed by Plaintiffs to be the next day, February 1, 2008).

10. Hartford agrees with Plaintiffs that the remaining issues are limited and that discovery should therefore be appropriately tailored. However, Hartford believes its proposed schedule is appropriately abbreviated while providing necessary time to conclude discovery and to file dispositive motions in an orderly way. Hartford therefore respectfully requests that the Court enter the Proposed Scheduling Order submitted herewith.

11. Hartford respectfully requests a scheduling conference with the Court to the extent the Court has any questions regarding Hartford's Proposed Scheduling Order or has any concerns.

Dated: July 26, 2007

Respectfully submitted,

/s/
Patrick F. Hofer, Bar No. 412665
TROUTMAN SANDERS LLP
401 9th Street, N.W., Suite 1000
Washington, D.C. 20004
(202) 274-2950 (tel.)
*Counsel for Defendant Hartford Casualty Insurance Co.*

3