UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

COUNCIL FOR RESPONSIBLE
NUTRITION and
ANNETTE DICKINSON,

    Plaintiffs,

v.

HARTFORD CASUALTY INSURANCE
COMPANY,

    Defendant.

Civil Action No. 06-1590 (RMC)

**[PROPOSED]**
**SCHEDULING ORDER**

Upon consideration of the submissions of the parties submitted pursuant to LCvR 16.3(d), it is hereby **ORDERED** that:

1. This Scheduling Order governs the second phase of this case. In the first phase, the parties cross-moved for summary judgment on the issue of the duty to defend. No discovery or initial disclosures were required for the first phase of this case. The Court granted Plaintiffs' motion and denied Defendant's motion in an Order filed July 12, 2007.

2. The parties shall exchange initial disclosures under Rule 26(a)(1), Fed. R. Civ. P., on or before September 7, 2007.

3. Non-expert discovery, including non-expert depositions, shall conclude on or before February 4, 2008. Discovery shall be propounded to be answerable under applicable rules on or before that date. Motions to compel or for protective orders or other motions related to discovery that was timely propounded during the discovery period may be brought after February 4, 2008, if

reasonably necessary to enforce a party's obligation or to protect a party's rights with respect to timely propounded discovery.

4. Discovery related to experts, including depositions, if any, shall conclude on or before May 5, 2008. Expert disclosures pursuant to Rule 26(a)(2) shall be made on or before March 7, 2008. Disclosures with respect to rebuttal experts shall be made on or before April 4, 2008.

5. Additional dispositive motions shall be filed on or before June 6, 2008. Briefs and materials in opposition to such motions shall be filed on or before July 7, 2008. Reply briefs shall be filed on or before July 21, 2008.

6. A final pretrial conference is hereby scheduled for November 11, 2008.

7. Trial in this matter, estimated to take two days, will commence December 1, 2008

8. Discovery material shall not be filed with the Court unless so ordered. *See* LCvR 5.2(a).

9. Counsel are expected to conduct themselves in a civil, polite, and professional manner at all times, particularly during discovery. Counsel are referred to LCvR 26.2 and expected to conform fully with its directives. Moreover, counsel are required, under both Fed. R. Civ. P. 26(f) and LCvR 7.1(m), to confer in good faith in an effort to resolve any discovery dispute before bringing it to the Court's attention. In the event that counsel are unable to resolve a dispute, counsel shall contact chambers to arrange for a telephone conference with the Court. Counsel shall not file discovery motions without a prior telephone conference with the Court and opposing counsel.

10. Counsel are expected to evaluate their respective cases for settlement purposes. Submission to alternative dispute resolution, *e.g.,* mediation or neutral evaluation, is encouraged and available by request of the Court at any time, as is a settlement conference before a Magistrate Judge. If

the case settles, in whole or in part, Plaintiff's counsel shall advise this Court by promptly filing a stipulation.

11. This schedule shall not be modified, even where all parties consent, except upon a showing of good cause and by leave of the Court. *See* Fed. R. Civ. P. 16(b); LCvR 16.4(b).

**SO ORDERED.**

Date: _____ __, 2007

                                      _____
                                      ROSEMARY M. COLLYER
                                      United States District Judge