IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COUNCIL FOR RESPONSIBLE NUTRITION, and ANNETTE DICKINSON<br><br>Plaintiffs,<br><br>v.<br><br>HARTFORD CASUALTY INSURANCE COMPANY<br><br>Defendant. | Civil Action No.: 06-1590 (RMC) |

## MOTION FOR ENTRY OF SCHEDULING ORDER

Plaintiffs, Council for Responsible Nutrition ("CRN") and Annette Dickinson, respectfully move for the entry of the Proposed Scheduling Order submitted as Exhibit 1 to this Motion. In support of this Motion, CRN states as follows:

1. On July 12, 2007, this Court granted Plaintiffs' motion for summary judgment, finding that Defendant Hartford Casualty Insurance Company ("Hartford") breached its duty to defend Plaintiffs in connection with the Underlying Action.

2. Based on this ruling, the only issue remaining in this matter relates to Plaintiffs' bad faith claim against Hartford and the appropriate measure of damages due and owing to the Plaintiffs.

3. Under the initial Scheduling Order entered for this matter, counsel were to jointly submit a proposed schedule for the completion of this matter. Counsel for the respective parties conferred and, unfortunately, are unable to jointly propose a schedule.

1

4. Plaintiffs received Defendant's proposed schedule which ultimately provides for final resolution of this matter by trial in December of 2008. (*See* Ex. 1 to Hartford's Motion for Entry of Scheduling Order) Because the issue remaining before the court is limited, sixteen months is an unreasonable time for resolution of this matter.

5. Rather, given the limited nature of issues remaining before the court, the ninety days for factual discovery, as proposed by Plaintiffs, should be more than adequate for the parties to conduct the necessary factual discovery, with two months for expert discovery, followed by dispositive motions, and an additional four months until trial.

6. In particular, under Plaintiffs' proposal, factual discovery would be completed on November 4, 2007 and expert discovery would be completed on January 31, 2008.

7. Plaintiffs also propose that dispositive motions be filed February 1, 2008, oppositions to such motions would be filed by March 1, 2008 and any reply would be required to be filed by March 15, 2008.

8. Finally, under Plaintiffs' proposed scheduling order, a final pretrial conference would be held on May 1, 2008 and trial would commence on June 1, 2008.

9. Hartford has presented no compelling reason why such an extended period of time is required to bring this matter to resolution. This is especially true in light of the fact that Hartford refused to conduct discovery at the outset of this action and indeed pushed for an expedited briefing schedule.

10. As the Court has now determined that Hartford breached its duty to defend the Plaintiffs in the underlying action, Plaintiffs respectfully submit that it should not take over a year and a half, until December 1, 2008, as proposed by Hartford, to bring this matter to final resolution, should trial be necessary.

11. Therefore, Plaintiffs respectfully move that the Court enter Plaintiffs' proposed scheduling order as set forth in Exhibit 1.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: July 26, 2007 | _____/s/_____ <br> Janet K. Coleman, Bar No. 497902 <br> WHITNEY & BOGRIS, LLP <br> 401 Washington Avenue <br> Twelfth Floor <br> Towson, Maryland 21204 <br> (410) 583-8000 (tel.) |

*Counsel for Plaintiffs*
*Council for Responsible Nutrition*
*and Annette Dickinson*