UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

COUNCIL FOR RESPONSIBLE
NUTRITION and
ANNETTE DICKINSON,

    Plaintiffs,

v.

HARTFORD CASUALTY INSURANCE
COMPANY,

    Defendant.

Case No.: 1:06-CV-01590-RMC

**[PROPOSED]
ORDER**

Having considered Defendant Hartford Casualty Insurance Company's Motion to Direct Entry of Judgment on Plaintiffs' Claim for Declaratory Judgment on the Duty to Defend, or, in the Alternative, to Certify the Court's Order Granting Plaintiffs' Motion for Summary Judgment for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b), and to Stay Trial Court Proceedings ("Hartford's Motion"), the briefs of the parties and the arguments of counsel, the Court hereby ORDERS as follows:

    1.    Hartford's Motion is GRANTED.

    2.    The Court observes that the grant of declaratory judgment does not act to bar assertion of additional claims arising out of the same subject matter under principles of *res judicata*. A grant of a declaratory judgment, when such a claim is brought among other claims in a multiple-claims action, is therefore "final" for purposes of determining finality of a claim under Rule 54(b), Federal Rules of Civil Procedure. The Court therefore determines that its Order of July 12, 2007 ("Order"), granting declaratory judgment to Plaintiffs Council for Responsible

Nutrition and Annette Dickinson on the issue of Hartford's duty to defend, is "final" under that Rule.

3.  The Court further determines that there is no just reason for delay in entering judgment on that claim.  Immediate appeal of that judgment, if the Court were overruled on appeal, would make unnecessary all other proceedings in the trial court, including discovery, expert discovery, motions and trial, on the remaining issues, as determination that Hartford had no duty to defend would require dismissal of the remaining claims.

4.  Accordingly, the Court directs entry of judgment on the First Cause of Action of the Complaint.

5.  In the alternative, the Court observes that its Order involves a controlling question of law as to which there is substantial ground for difference of opinion, and that immediate appeal may material advance the ultimate termination of the litigation.  The issue decided in the Order is an issue of law, determined on summary judgment based on undisputed facts.  That issue—whether Hartford had a duty to defend a suit alleging defamation, under New York law, arising out of a government petition and related public statements—is "controlling," in that all of Plaintiffs' claims depend on that issue being resolved in their favor.  For the same reason, immediate appeal of that issue could materially advance the ultimate termination of the litigation, if the Court were reversed on appeal, as the litigation would then end and the Court and the parties could avoid unnecessary time and expense.  Finally, that question involves a substantial ground for difference of opinion, in that Hartford argues that a claim for defamation arising out of government petitioning activity, under New York law, necessarily alleges intent to injure and/or expectation of inflicting injury, eliminating a duty to defend under the language of Hartford's Policy, and there appears to be no other case, published or unpublished, which

2

directly addresses this issue.  While the Court disagrees with Hartford's argument, it concludes there is substantial ground for difference of opinion.

      6.      Accordingly, the Court is of the opinion that the Order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the Order may materially advance the ultimate termination of the litigation.  The Order is hereby modified as of this date to include this opinion.

      7.      All proceedings in this matter are hereby STAYED pending resolution by the Court of Appeals of the matters described above.

**SO ORDERED.**

Date: _____ \_\_\_, 2007           _____
                                          ROSEMARY M. COLLYER
                                          United States District Judge